UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: SACV07-00094-CJC(MANx)            Date: June 16, 2008

Title: WILLIAM R. ERICKSON v. MERRILL LYNCH, PIERCE, FENNER & SMITH et al.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                 N/A
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [filed 2/15/08]**.**

Defendant Merrill Lynch, Pierce, Fenner and Smith ("Merrill Lynch") moves for summary judgment on Plaintiff William Robert Erickson's claims of fraudulent misrepresentation and negligent misrepresentation. Mr. Erickson alleges that he facilitated certain commission-generating transactions, described as LIBOR stock transactions, while employed as a broker by Merrill Lynch for which he was never compensated. He alleges that Merrill Lynch represented to him that the transactions were never consummated to avoid paying him commissions. Merrill Lynch moves for summary judgment on the grounds that: (1) Mr. Erickson has no evidence of detrimental reliance; (2) Mr. Erickson has no evidence the alleged representations were false; (3) Mr. Erickson has no evidence that Merrill Lynch knew the alleged misrepresentations were false; and (4) Mr. Erickson's claims are time barred. Although previously granted a Rule 56(f) continuance to complete discovery before responding to Merrill Lynch's motion, Mr. Erickson has submitted no additional argument or evidence in opposition to Merrill Lynch's motion. For the following reasons, Merrill Lynch's motion is GRANTED.

**Undisputed Facts**

Mr. Erickson was employed as a financial consultant at Merrill Lynch from April 1990 to April 1994. (Deposition of William Erickson ("Erickson Depo.") 72:23-25; 83:24-25; 84:2-5; 87:18-24.) Around the summer or fall of 1992, Mr. Erickson made a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV07-00094-CJC(MANx)                                      Date: June 16, 2008
                                                                                                    Page 2

number of "cold calls" to persons on Forbes magazine's list of the 400 richest Americans. (First Amended Verified Complaint ("Complaint") ¶ 22.) During these calls, he sought to solicit participation in a "stock LIBOR loan program" – a "loan program whereby investors could borrow money against the aggregate value of their stock portfolio without realizing a capital gain."[1] (*Id*.)

Mr. Erickson did not seek permission from his employer to make these solicitations, nor was he given such permission. (Erickson Depo. 141:14-20; 137:25-138:1-3.) Upon learning of his activities, Merrill Lynch directed Mr. Erickson to discontinue the solicitations. (Complaint ¶ 28.) Mr. Erickson disregarded the company's directive, and continued making solicitations. (Erickson Depo. 145:5-8.) He was ultimately able to pitch approximately thirty of the Forbes 400. (*Id*. at 145:22-25.) According to Mr. Erickson, his managers at Merrill Lynch, Dave Mullin and Tony Capozza, told him in September 1992 that Merrill Lynch would not complete the transactions if any were agreed to by investors. (Complaint ¶ 27.) When Mr. Erickson asked Mr. Mullin about specific transaction with an investor named Simplot and several others, Mr. Mullin told Mr. Erickson that the transactions were not completed. (Erickson Depo. 195:14-17.) In April 1994, Mr. Erickson voluntarily resigned from Merrill Lynch and accepted a position with Paine Webber. (*Id*. at 84:2-14.)

In April 2001, Mr. Erickson alleges an unidentified man approached him in Las Vegas, Nevada and asked, "What's going on with Huizenga and Simplot (two of the investors who allegedly completed LIBOR transactions)?" (Complaint ¶ 55; Declaration of Kathleen MacDowell ("MacDowell Decl.") Ex. E, Pltf's Response to Interrog. No. 13.) Mr. Erickson further alleges that he received an anonymous phone call shortly thereafter which informed him that another financial consultant received "$35 million in client assets from Mullin for the LIBOR transactions." (*Id*.) Around this time, Mr. Erickson learned that Mr. Mullin was still employed by Merrill Lynch; he had previously believed Mr. Mullin was terminated years earlier. (*Id*.) Based on this information, Mr. Erickson alleges that he learned the LIBOR transactions were actually completed, despite the representations made to him by Mr. Mullin.

---

[1] A LIBOR transaction is a margin transaction utilizing the London Interbank Offered Rate (LIBOR) as the margin rate. (Erickson Depo. 126-27.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV07-00094-CJC(MANx)                                           Date: June 16, 2008
                                                                          Page 3

**Procedural History**

     Merrill Lynch filed this motion on February 15, 2008 with a hearing scheduled for March 10, 2008. Mr. Erickson filed his memorandum in opposition to the motion on March 5, 2008, ten days later than required under the local rules. By order dated March 6, 2008, the Court continued the hearing on Merrill Lynch's motion to March 31, 2008 and allowed Merrill Lynch additional time to file and serve a reply brief.[2]

     In opposition to Merrill Lynch's motion, Mr. Erickson moved for a continuance pursuant to Federal Rule of Civil Procedure 56(f). His counsel stated that she was prepared to submit, or had already submitted, additional document requests to Merrill Lynch regarding the LIBOR transactions at issue. In granting Mr. Erickson's motion for a continuance under Rule 56(f), the Court wrote that (1) discovery had not yet closed, and Mr. Erickson was entitled to propound discovery until the Court-ordered deadline of May 5, 2008; and (2) "evidence about whether the alleged LIBOR transactions were ever completed, and thus whether the alleged statements were false, is critical to resolving Merrill Lynch's motion for summary judgment." (March 24, 2008 Order at 2.) Mr. Erickson was ordered to file and serve a supplemental memorandum in opposition to summary judgment by Monday, May 19, 2008, two weeks after the close of discovery.

     Despite this Court-imposed deadline, Mr. Erickson did not file a supplemental memorandum in opposition to summary judgment. Under the Local Rules, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." LOCAL RULE 7-12. Moreover, under Federal Rule of Civil Procedure 41(b), the court may dismiss an action with prejudice "if the plaintiff fails to prosecute or comply with these rules or a court order." FED. R. CIV. P. 41(b). However, in the interest of deciding this case on the merits, the Court will consider the substantive grounds for summary judgment as advanced by Merrill Lynch.

**Standard of Review**

     Summary judgment is proper if the evidence before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[2] Merrill Lynch had filed their reply brief one day before the Court's March 6 Order. Merrill Lynch subsequently filed a supplemental reply brief in response to the Court's order.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV07-00094-CJC(MANx)                                           Date: June 16, 2008
                                                                          Page 4

---

322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating that there are no genuine material issues, and that it is entitled to judgment as a matter of law. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

   **Analysis**

   Mr. Erickson alleges causes of action for fraudulent misrepresentation and negligent misrepresentation on the grounds that Merrill Lynch, through Mr. Mullin, represented the LIBOR transactions were not consummated when in fact they were. (*See* Complaint at pp. 3, 11.) Fraudulent (or intentional) misrepresentation and negligent misrepresentation share four common elements under California law: (1) a material misrepresentation, concealment or nondisclosure; (2) intent to induce reliance; (3) justifiable reliance; and (4) resulting damages. *See Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1200 n.2 (9th Cir. 2001) ("*Jackson*"); *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1128 (N.D. Cal. 2001). The claims differ, however, on the mental state required: intentional misrepresentation requires actual knowledge of the falsity of the statement, *see Firoozye*, 153 F.Supp.2d at 1128, whereas negligent misrepresentation merely requires evidence the representation was made without reasonable ground for believing it to be true, *see Jackson*, 273 F.3d at 1200 n.2. *See also Manderville v. PCG & S Group, Inc.*, 146 Cal.App.4th 1486, 1498 (Cal. Ct. App. 2007) (intentional misrepresentation); *B.L.M. v. Sabo & Deitsch*, 55 Cal.App.4th 823, 834 (Cal. Ct. App. 1997) (negligent misrepresentation).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV07-00094-CJC(MANx)                           Date:  June 16, 2008
                                                                                                                           Page 5

Summary judgment in Merrill Lynch's favor is appropriate for two reasons.[3]  First, Mr. Erickson has not created a genuine issue of material fact about the falsity of Merrill Lynch's representations that the LIBOR transactions were not completed.  He has provided no admissible evidence from which the trier of fact may reasonably infer that the LIBOR transactions he solicited were ever consummated.  Second, Mr. Erickson has not created a genuine issue of material fact about Mr. Mullin's intent with respect to the allegedly false statements.  Specifically, he has not provided any evidence the statements were knowingly false when made or that Mr. Mullin had no reasonable ground to believe them to be true.

With respect to the falsity of Merrill Lynch's statements, Mr. Erickson must present evidence to create a genuine issue of fact about whether any LIBOR transactions he solicited were completed.  *See Celotex Corp.*, 477 U.S. at 325 ("A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")  Mr. Erickson first points to three public filings made by individuals (or their companies) he solicited which reference LIBOR transactions.  (*See* Pltf.'s Stmt. of Undisp. Facts, 1.)  Mr. Erickson presents a Fiscal Year 2007 report from United Agri Products and schedule 13D SEC filings by J.R. Simplot and Micron Technology.  (*See* Declaration of Mary Erickson ("M. Erickson Decl.") Ex. 2.)  The Fiscal Year 2007 presentation, dated approximately August 4, 2006, references an annual debt structure that includes a 5-year loan based on LIBOR plus 125 basis points.  (*See id*.)  The 1998 schedule 13D filing also references a loan utilizing the LIBOR rate.  (*See id*.)  These transactions are from four to twelve years *after* Mr. Erickson left Merrill Lynch.  From this evidence, the Court cannot reasonably infer that these LIBOR transactions were consummated with Merrill Lynch, or that Mr. Erickson solicited them, both necessary inferences to prove falsity.

Mr. Erickson also submits a 2001 10-K filing from AutoNation, Inc.  (*See id*. at Ex. 3.)  The 10-K describes a $200 million credit agreement based on the LIBOR rate entered into "[i]n August 2001." (*Id*.)  Again, the Court cannot reasonably infer that an August 2001 loan based on the LIBOR rate was solicited by Mr. Erickson between 1990 and 1994 while employed by Merrill Lynch.  Another exhibit, the 2001 schedule 13D from Campbell Soup Company, makes no reference to LIBOR transactions whatsoever.

---

[3] The Court offers no opinion as to the merits of the other two grounds for summary judgment as asserted by Merrill Lynch: the expiration of the statute of the limitations, and whether Mr. Erickson detrimentally relied on Mr. Mullin's representations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV07-00094-CJC(MANx)                     Date: June 16, 2008
                                                                                                                                  Page 6

(*See id*. at Ex. D.)  Thus, while Mr. Erickson has submitted some evidence that these individuals and corporations utilize the LIBOR rate for loans,[4] he has submitted no evidence from which the trier of fact may reasonable infer that Merrill Lynch brokered the transactions, and that Mr. Erickson solicited them.  *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could *reasonably* find for [the non-moving party].") (emphasis added).

     Mr. Erickson has failed to offer deposition testimony or other evidence from the individuals he claims completed LIBOR transactions at his solicitation.  In his Statement of Genuine Issues of Fact initially submitted in connection with Merrill Lynch's motion, Mr. Erickson informed the Court that he would depose "Simplot, Huizenga nd [sic] Dorrance" to determine whether they completed LIBOR transactions.  (*See* Pltf.'s Stmt. of Undisp. Facts, 1.)  The Court granted Mr. Erickson a continuance under Rule 56(f) in part so he could complete this important discovery.  (*See* March 24, 2008 Order at 2.)  Despite the Court's order directing a supplemental submission which would presumably include this evidence, Mr. Erickson has not submitted any evidence from these investors to prove the transactions were actually completed.

     Finally, the statements to Mr. Erickson made by anonymous parties which reference Simplot and Huzienga, (*see* Complaint ¶¶ 55-56, 59), are not admissible evidence.  These out of court statements may not be admitted to prove the truth of the matter asserted, *see* FED. R. EVID. 801(c), 802, and there is no hearsay exception which provides for their admission.  Moreover, there are no indicia of reliability with respect to these anonymous tips that would otherwise counsel the Court to admit the evidence.  *See* FED. R. EVID. 807.  Mr. Erickson only raised the alleged anonymous tips after the Court dismissed his claims as time-barred, and ordered him to amend his complaint to state how in 2001, seven years after his departure from Merrill Lynch, he came to learn that the transactions were actually completed.  (*See* March 20, 2007 Order at 3.)

     Upon Merrill Lynch's showing that Mr. Erickson has no evidence to support his allegations that the representations were actually false, it is Mr. Erickson's burden under

---

[4] The Court further notes that these documents merely reference loans based on the LIBOR rate.  By contrast, Mr. Erickson offered investors a loan against the aggregate value of an investor's stock portfolio utilizing the LIBOR rate. (Complaint ¶ 22.)  There is no indication that any of the loans referenced in these documents are margin loans based on the investor or company's stock portfolio.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV07-00094-CJC(MANx)                                          Date: June 16, 2008
                                                                                                    Page 7

---

*Celotex* to offer some admissible evidence from which the trier of fact may infer that Mr. Mullin's representations that the LIBOR transactions were not completed were false when made. *See Celotex Corp.*, 477 U.S. at 325; *Anderson*, 477 U.S. at 256. Based on the evidence before the Court, Mr. Erickson has not made this showing. The trier of fact cannot reasonably infer from the evidence submitted by Mr. Erickson that the LIBOR transactions he solicited were actually completed. Accordingly, summary judgment must be granted in Merrill Lynch's favor.

Summary judgment is also appropriate because Mr. Erickson has presented no evidence from which the Court may infer that Mr. Mullin's alleged representations were either knowingly false when made (fraudulent misrepresentation), or that he lacked any reasonable basis for believing them to be true (negligent misrepresentation). In his statement of genuine issues of material fact submitted with his Rule 56(f) motion, Mr. Erickson stated that, with respect to the issue of whether Mr. Mullin lied about the LIBOR transactions, he was "unable to prove this fact at [that] time." (Pltf.'s Stmt. of Undisp. Facts, 4.) Mr. Erickson was unable to point to any evidence that supported the inference that Mr. Mullin lied about the LIBOR transactions. However, he also stated that he was "deposing witnesses to prove this allegation." (*Id.*) Based in part on that representation, the Court granted Mr. Erickson's Rule 56(f) request to allow him to develop and marshal the evidence supporting his allegation. However, despite being granted a Rule 56(f) continuance, Mr. Erickson has not submitted any additional evidence from which the court may infer Mr. Mullin knew or should have known of the falsity of his statement. Accordingly, in the absence of any evidence which the trier of fact could infer that Mr. Mullin knew or should have known his statements were false when made, summary judgment must be granted in Merrill Lynch's favor.

**Conclusion**

For the foregoing reasons, Merrill Lynch's motion for summary judgment is GRANTED.

sdt

MINUTES FORM 11
CIVIL-GEN                                                                                    Initials of Deputy Clerk MU